1
2
3
4
5

**V. JAMES DESIMONE LAW**
V. JAMES DESIMONE, ESQ., (SBN 119668)
13160 Mindanao Way, Suite 280
Marina Del Rey, CA 90292
Telephone: (310) 693-5561
Email: vjdesimone@gmail.com

6
7
8
9
10
11

**GREG PEACOCK LAW**
Gregory Peacock, Esq. (SBN. 277669)
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Raymond Gonzalez

12
13

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GONZALEZ, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES FOR: |
| vs. | 1. Excessive / Unreasonable Force (U.S. Const. Amend. 4 & 8); |
| COUNTY OF LOS ANGELES; and DOES 1 through 10, inclusive, | 2. Municipal Liability (*Monell* Liability) For Failure To Train And/Or Discipline (U.S. Const. Amends. 4 & 8); |
| Defendants. | 3. Municipal Liability (*Monell* Liability) For Custom / Practice / Policy (U.S. Const. Amends. 4 & 8); |
| | 4. Battery (California State Law); |
| | 5. Violation of Cal. Civil Code § 52.1; |
| | 6. Negligence (California State Law). |
| | **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

1

**COMES NOW** Plaintiff Raymond Gonzalez and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.     As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

4.     Plaintiff has exhausted his administrative remedies at the County of Los Angeles Men's Central Jail.

## GENERAL ALLEGATIONS

5.     Plaintiff Raymond Gonzalez, hereinafter referred to as "GONZALEZ" or "Plaintiff GONZALEZ", is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California.

6.     Defendant County of Los Angeles, hereinafter also referred to as

"COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

7.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the Los Angeles County Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Los Angeles County Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

9.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains

and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Los Angeles County Sheriff's Department and/or defendant County of Los Angeles, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Los Angeles County Sheriff's Department for, *inter alia*,: 1) using excessive force upon persons; and 2) covering up tortious conduct by Los Angeles County Sheriff's Department peace officers.

10.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Los Angeles County Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

COMPLAINT FOR DAMAGES

11.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Los Angeles County Sheriff's Department and/or otherwise with defendant COUNTY[1].

12.     Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

13.     In addition to the above and foregoing, Defendants Does 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

14.     Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States

_____

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

5

(Constitutional and statutory) law and California (Constitutional and statutory) state law.

15.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth and Eighth Amendment Rights -
Excessive/Unreasonable Use of Force on Person
(Against DOES 1 through 6, inclusive)**

16.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15, inclusive, above, as if set forth in full herein.

16.     On December 23, 2020, Plaintiff GONZALEZ was an inmate awaiting sentencing at the Los Angeles County Men's Central Jail.

17.     During the evening of December 23, 2020, GONZALEZ was notified by a deputy that he was being transferred to the Los Angeles County North County Correctional Facility.

18.     GONZALEZ told the deputy that it must be a mistake because he is on a medical hold at Men's Central because he was scheduled to received various medical procedures.

COMPLAINT FOR DAMAGES

6

19.   GONZALEZ then presented the deputy with a Grievance Resolution Form which stated that GONZALEZ was to remain at Men's Central Jail to receive medical treatment.

20.   The deputy reviewed the form and told GONZALEZ to go to the 2000 Floor hallway and show the form to the deputies in the hallway so that they can remove him from the transfer list.

21.   GONZALEZ and approximately four other inmates then exited the Module and entered the 2000 Floor hallway.

22.   While in the hallway, GONZALEZ approached Defendant Deputy DOE 1 and tried to show him the Grievance Resolution Form.

23.   DOE 1 then told GONZALEZ to "Shut the fuck up and get against the wall."

24.   GONZALEZ complied and faced the wall.

25.   While facing the wall, GONZALEZ attempted to hand DOE 1 the Grievance Resolution Form by attempting to extend the form behind him with his hand.

26.   DOE 1 then said, "Shut the fuck up" and shoved GONZALEZ face first into the wall and pressed his face up against the wall.

27.   In response to being slammed face first into the wall, GONZALEZ verbally protested DOE 1's conduct by saying, "What the fuck dude."

28.     In response to GONZALEZ' verbal protest, DOE 1 slammed GONZALEZ onto the ground.

29.     DOES 1 through 6, inclusive, then got on top of GONZALEZ and began punching him in the head and face.

30.     GONZALEZ never resisted the defendants and never did anything to cause anyone to believe that he was a danger.

31.     GONZALEZ was never given any warnings prior to the use of force.

32.     DOES 1 through 6, inclusive, each had a reasonable opportunity to intervene and prevent the other DOE defendant deputies from continuing to use excessive force upon Plaintiff.

33.     GONZALEZ suffered serious physical injuries after being brutalized by DOES 1 through 6, inclusive.

34.     GONZALEZ was never prosecuted for anything related to this matter.

35.     DOES 1 through 6, inclusive, acted maliciously and sadistically for the purpose of causing harm, and not in a good faith effort to maintain or restore discipline.

36.     The actions of Defendants DOES 1 through 6, inclusive, as complained above herein, constituted a violation of GONZALEZ' rights under the Fourth and Eighth Amendments to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

37.     As a direct and proximate result of the actions of Defendants DOES 1

through 6, inclusive, GONZALEZ was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $3,000,000.00.

38.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of GONZALEZ' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save COUNTY, in an amount to be proven at trial, in excess of $2,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of First Amendment Rights - Freedom of Speech**
**(Against DOES 1 through 6, inclusive)**

39.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 38, inclusive, above, as if set forth in full herein.

40.   The conduct of Defendants DOES 1 through 6, inclusive., violated GONZALEZ' right to freedom of speech, specifically when DOES 1 through 6, inclusive, retaliated against GONZALEZ for verbally protesting the unlawful conduct of DOE 1.

COMPLAINT FOR DAMAGES

41.     A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiff as complained of above and below, was Plaintiff's exercise of his right to freedom of speech under the First Amendment to the United States Constitution.

42.     Moreover, said defendants would not have taken said adverse actions against plaintiff, had plaintiff not exercised his right to freedom of speech under the First Amendment to the United States Constitution.

43.     The conduct of DOES 1 through 6, inclusive, would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

44.     As a direct and proximate result of said adverse actions taken against said plaintiff by said defendants as described above, plaintiff suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $3,000,000.00.

45.     The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $2,000,000.00.

/ / /

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR**
**FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against Defendant COUNTY)**

46.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

47.     As complained of herein above, the acts of Defendants DOES 1 through 6, deprived plaintiff of his rights under the laws of the United States and The United States Constitution.

48.     The training policies of COUNTY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff, including training on: 1) when force may be used and the use of reasonable force; 2) training peace officers that they may not retaliate against persons for exercising constitutionally protected speech; and 3) that persons are allowed to make complaints against peace officers.

49.     COUNTY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

50.     The failure of COUNTY to provide adequate training caused the deprivation of plaintiff's rights by Defendants DOES 1 through 6, inclusive.

51.     COUNTY's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

52.     As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

**FOURTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(Against Defendant COUNTY)**

53.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52 inclusive, above, as if set forth in full herein.

54.     As shown above, the actions of Defendants DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

55.     At all times complained of herein, Defendants DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Los Angeles County Sheriff's Department / defendant COUNTY:  1) for using

COMPLAINT FOR DAMAGES

excessive force upon persons; 2) for retaliating against persons who are exercising constitutionally protected speech; and 3) for covering-up unlawful and tortious conduct by Los Angeles County Sheriff's Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

56.     Said actions of said defendants were done by them under the color of state law.

57.     As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants COUNTY, above-described, said defendants committed said actions complained of above.

58.     As a direct and proximate result of the actions of defendants COUNTY, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00.

/ / /

/ / /

/ / /

# FIFTH CAUSE OF ACTION
## Battery
## Under California State Law
## (Against All Defendants)

59. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60. The actions committed by DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, use of unlawful force and violence upon Plaintiff, and, therefore, constituted a battery of him by said above-referenced defendant officers under California state law.

61. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, Plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

62. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant COUNTY, in an amount to be proven at trial in excess of $2,000,000.00.

63. Said Defendants DOES 1 through 6, inclusive, are liable to Plaintiff for said battery on him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common law.

### SIXTH CAUSE OF ACTION
**Violation of Cal. Civil Code § 52.1**
**Under California State Law**
**(Against All Defendants)**

64.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 63, inclusive, above, as if set forth in full herein.

65.     The actions of Defendants DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

66.     Defendants DOES 1 through 6, inclusive, are liable to plaintiff for said violations of his constitutional rights, pursuant to California Civil Code §§ 43, 52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

67.     As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs,

bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $3,000,000.00.

68.     The actions of defendants DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $2,000,000.00.

69.     In addition, as a result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages and attorney fees against all defendants, and each of them.

### SEVENTH CAUSE OF ACTION
**Negligence**
**Under California State Law**
**(Against all Defendants)**

70.     Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 69, inclusive, above, as if set forth in full herein.

71.   The actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward Plaintiff.

72.     As a direct and proximate result of the actions committed by Defendants DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was

substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b) Treble damages;

c) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $2,000,000.00;

d) For an award of reasonable attorney's fees and costs;

e) For a trial by jury; and

f) For such other and further relief as this honorable court deems just and equitable.


  */S/ Gregory Peacock*_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES
17